**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JAMES HOWARD LOOMAN, III, | ) | |
| ID # 43786-177, | ) | |
| Movant, | ) | No. 3:15-CV-0679-L-BH |
| vs. | ) | No. 3:11-CR-0330-L |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* should be **DENIED** with prejudice.

## I. BACKGROUND

James Howard Looman, III (Movant) challenges his federal conviction and sentence in Cause No. 3:11-CR-330-L. The respondent is the United States of America (Government).

**A.    Plea and Sentencing**

On November 15, 2011, Movant was charged by indictment with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). (*See* doc. 1.)[1] Movant pled guilty on June 21, 2012. (*See* doc. 44.)

On September 11, 2012, the United States Probation Office (USPO) prepared a Presentence Report (PSR), applying the 2011 United States Sentencing Guidelines Manual (USSG). (*See* doc. 49-1 at 6, ¶ 20.) Because Movant had two prior felony convictions for crimes of violence offense that were counted as a single sentence, the base offense level under USSG § 2K2.1(a)(4)(A) was 20.

---

[1]    Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:11-CR-330-L.

(*See id.*, ¶ 21.)  Two offense levels were added under USSG § 2K2.1(b)(1)(A) because the offense involved three firearms.  (*See id.*, ¶ 22.)  While on pretrial release, Movant tested positive for and admitted marijuana.  (*See id.* at 5, ¶ 19.)  Because he had not withdrawn from criminal conduct, the offense level was not reduced for acceptance of responsibility under USSG § 3E1.1, comment (n.1(B)).  (*See id.*)  With a total offense level of 22 and a criminal history category of five, the resulting guideline range was 77-96 months of imprisonment.  (*See id.* at 6, ¶ 29; 18, ¶ 77.)

At the sentencing hearing on December 17, 2012, the Court stated that a sentence at the top end of the range based on Movant's use of pretrial use of marijuana would not be appropriate since that conduct had been taken into account when he was denied credit for acceptance of responsibility. (*See* doc. 63 at 20-21.)  Movant received a sentence of 84 months' imprisonment.  (*See id.* at 21, doc. 57 at 2.)  The judgment was affirmed on appeal.  (*See* doc. 67); *United States v. Looman*, No. 13-10004 (5th Cir. Oct. 22, 2013).

**B.**     **Substantive Claims**

In his initial and amended motions to vacate, Movant raises the following grounds:

(1) Counsel was ineffective for:

(a) failing to properly argue for a reduction for acceptance of responsibility;

(b) failing to seek or procure a favorable plea agreement;

(2) His sentence was improperly enhanced with prior convictions for a crime of violence in light of *Johnson*.

(3:15-CV-679-L, docs. 1 at 7, 11-6; 9 at 1-3.)  The Government filed a response to the § 2255 motion on May 1, 2015.  (*Id.*, doc. 5.)  Movant filed a reply.  (*Id.*, doc. 6.)

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for

a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III. *JOHNSON* CLAIM

Movant contends that the use of prior convictions for a crime of violence to increase his sentence under the sentencing guidelines violated his right to due process under *Johnson v. United States*, 135 S.Ct. 2551 (2015). His claim lacks merit.

In *Johnson*, the Supreme Court held that the imposition of an increased sentenced under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), (2)(B) (regarding a prior conviction that "otherwise involves conduct that presents a serious potential risk of physical

injury to another"), violates the Constitution's guarantee of due process because the residual clause is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. The holding of *Johnson* is retroactively available on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016).

*Johnson* does not apply to Movant because he was not sentenced under the ACCA. His offense level was based on prior convictions for crimes of violence under USSG § 2K2.1(a)(4)(A). The sentencing guidelines are not subject to a vagueness challenge under the Due Process Clause. *Beckles v. United States*, 137 S.Ct. 886, 895 (2017).

To the extent that Movant is claiming that his prior convictions were not crimes of violence, this claim is not cognizable under § 2255. *See United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994) (defendant's claim that district court erred in making upward departure under Sentencing Guidelines could not be considered in a § 2255 proceeding); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995) ("A district court's calculation under or application of the sentencing guidelines standing alone is not the type of error cognizable under section 2255.").

Movant is not entitled to relief on his *Johnson* claim.

## IV. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Petitioner claims that his trial counsel was ineffective for failing to properly argue for a reduction for acceptance of responsibility and to seek or procure a favorable plea agreement.

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective

assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *See Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, the petitioner must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v.*

*Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

## A.    <u>Acceptance of Responsibility</u>

Movant was denied a reduction of the offense level for acceptance of responsibility because he used marijuana while on pretrial release. (*See* doc. 49-1 at 5, ¶ 19.) He argues that counsel should have objected because his marijuana use was not related to the felon in possession offense.

A factor considered by courts in determining whether a defendant qualifies for the acceptance of responsibility reduction under USSG § 3E1.1 is whether the defendant has voluntarily terminated or withdrawn from criminal conduct. *See United States v. Watkins*, 911 F.2d 983, 985 (5th Cir. 1990). Under that factor, the defendant need not only refrain from criminal conduct associated with the offense of conviction in order to qualify for the reduction; acceptance of responsibility can include refraining from any criminal conduct. *Id*. Because Movant used marijuana while on pretrial release, there was no error in denying a reduction for acceptance of responsibility. *See United States v. Rickett*, 89 F.3d 224, 227 (5th Cir. 1996) (no error when a court denies acceptance of responsibility based on a defendant's drug use while on pretrial release). Counsel was not ineffective for failing to raise a meritless objection. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999); *see also Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("counsel is not required to make futile motions or objections").

In addition, although counsel did not object, he pointed out at sentencing that after Movant

tested positive for marijuana, he showed acceptance of responsibility. (*See* doc. 63 at 9.) The Court noted that the Government was seeking a sentence at the high end of the guideline based on the use of marijuana during pretrial release, but Movant was also being denied acceptance of responsibility for that same conduct. (*See id.* at 16-17.) The Court stated that a sentence at the high end of the guideline range based on the use of marijuana, while also denying acceptance of responsibility, would inappropriately punish Movant twice for that conduct. (*See id.* at 21.) In determining the appropriate sentence, the Court took into account the effect of the denial of acceptance of responsibility on other sentencing factors. Movant has not shown that his sentence would have been less harsh if counsel would have objected. *See Glover*, 531 U.S. at 200.

## B.  <u>Plea Agreement</u>

Movant also contends that counsel failed to seek and procure a favorable plea agreement. In his reply, he asserts that counsel's case file contains "notes presumably indicating a tentative plea agreement" was offered, but that counsel failed to inform him about a plea offer. (Doc. 6 at 1.)

There is no constitutional right to be offered a plea agreement. *Missouri v. Frye*, 566 U.S. 133, 148 (2012). Movant has not shown that the government would have offered a plea agreement if counsel had sought one, or that he would have accepted it. *See United States v. Johnson*, No. 4:14–CV–196, 2014 WL 1930220 at *4 (N.D. Tex. May 14, 2014) (citing *Wolfe v. Dretke*, 116 F. App'x 487, 495 (5th Cir. 2004) ("The district court also applied well-established principles to [the] complaint that [counsel] failed to negotiate a plea bargain agreement. Specifically, the district court concluded that [the defendant] could not prove prejudice because he did not establish that the State would have offered a plea bargain even if [counsel] had pursued one.")); *see also United States v. Armstrong*, No. 2:12-CV-406, 2013 WL 5592331 at *10 (S.D. Tex. Oct. 10, 2013) (movant not

entitled to relief for claim of ineffective assistance for failure to negotiate a plea agreement, where record did not show what plea discussions took place and movant did not allege he would have accepted a plea offer). Movant has not shown deficient performance or prejudice, and he is not entitled to relief on this claim.

To the extent that Movant's reply raises a claim that counsel was ineffective for failure to inform him about a plea offer, he does not affirmatively allege as a factual matter that there was a plea offer or set out the terms of any plea offer. He only alleges that notes in counsel's file presumably indicated a tentative plea offer in an unsworn reply. A movant's unsworn allegations are insufficient to create a factual issue regarding whether he received ineffective assistance of counsel. *See United States v. Gonzalez*, 493 F. App'x 541, 544 (5th Cir. 2012). A movant is not entitled to relief if there are no independent indicia of the likely merit of allegations that counsel failed to inform him of any plea offer. *See id.* His speculative, conclusory claim does not entitle him to an evidentiary hearing or to relief. *See United States v. Reed*, 719 F.3d 369, 373-74 (5th Cir. 2013); *United States v. Woods*, 870 F.2d at 288 n.3.

Movant has also not alleged prejudice because he does not assert that he would have accepted any plea offer. *See Missouri*, 132 S.Ct. at 1408; *Chapman v. United States*, No. EP-14-CV-0062; 2015 WL 2339114, at *9 (W.D. Tex. May 13, 2015); *United States v. Hennis*, No. 3:14-CV-248, 2015 WL 251261, at *6 (S.D. Miss. Jan. 20, 2015).

## V. EVIDENTIARY HEARING

No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. A movant is entitled to an evidentiary hearing on his § 2255 motion only if he presents "independent indicia of the likely

merit of [his] allegations." *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013). "[B]are, conclusory allegations unsupported by other indicia of reliability in the record, do not compel a federal district court to hold an evidentiary hearing." *Ross v. Estelle*, 694 F.2d 1008, 1012 n. 2 (5th Cir. 1983); *accord United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (noting that "[i]f the defendant produces independent indicia of the likely merit of her allegations, typically in the form of one or more affidavits from reliable third parties, she is entitled to an evidentiary hearing on the issue"); *United States v. Auten*, 632 F.2d 478, 480 (5th Cir. 1980) (noting that mere conclusory allegations are not sufficient to support a request for an evidentiary hearing). Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. Movant's unsupported allegations do not entitle him to an evidentiary hearing. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

## VI. RECOMMENDATION

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SO RECOMMENDED** this 28th day of August, 2017.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE