IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JAMES HOWARD LOOMAN, III,** § | |
| § | |
| Petitioner, § | |
| v. § | Civil Action No. **3:15-CV-679-L** |
| § | (Criminal Case No. 3:11-CR-330-L) |
| **UNITED STATES OF AMERICA**, § | |
| § | |
| Respondent. § | |

## ORDER

On August 28, 2016, Magistrate Judge Irma Carrillo Ramirez entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report"), recommending that the court deny Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 and dismiss with prejudice this action. Petitioner filed objections to the Report, which were docketed on September 21, 2016.

In his objections, Petitioner clarifies that he is not asserting a due process claim or a claim based on the Supreme Court's holdings in *Johnson v. United States*, 135 S. Ct. 2551 (2015), or *Beckles v. United States*, 137 S. Ct. 886 (2017). Petitioner asserts that his claim instead rests on his contention that his attorney provided ineffective assistance of counsel by failing to put the Government to its burden of proof during sentencing to show that the predicate offense(s) for the enhancement under U.S.S.G. § 2K2.1(a)(4)(A) are not crimes of violence. Petitioner contends that, but for his attorney's omission, his advisory Guidelines range would have been lower because "the predicate offense(s) did not meet the applicable definition." Obj. 4. Alternatively or in addition, Petitioner reurges his argument that, if his attorney had pursued the plea negotiations indicated in the attorney's notes, the correct law may have been applied at sentencing.

**Order – Page 1**

The Report correctly notes that any claim by Petitioner that his prior felony convictions are not crimes of violence is not cognizable under section 2255. Report 4 (citing *United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994). The Report also addressed Petitioner's ineffective assistance of counsel claim that his attorney failed to seek or obtain a more favorable plea agreement. Petitioner's conclusory and speculative objection that "the correct law may have been applied" in calculating his Guidelines sentencing rangehad his counsel pursued the plea negotiations indicated in the attorney's notes or client file fails for the same reasons set forth in the Report.

Accordingly, having reviewed the pleadings, file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The court, therefore, **overrules** Petitioner's objections to the Report, **denies** the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255, and **dismisses with prejudice** this action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

   **(a)   Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

   (**b**)   **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues

show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the Report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 12th day of October, 2017.

Sam A. Lindsay
United States District Judge

---

a certificate of appealability.

**Order – Page 3**